IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-07-0426 |
| MARLO BROWN | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM ORDER</u>**

The Office of the Federal Public Defender has filed a letter as a Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the U.S. Sentencing Guidelines, which lowered the offense levels applicable to crack cocaine offenses. The Office of the U.S. Attorney has opposed this Motion. The Defendant was sentenced by this Court as a career offender. Furthermore, this Court addressed the crack/powder cocaine disparity in reducing his original sentence.

Section 3582(c)(2) authorizes a Court to reduce the term of imprisonment of a defendant "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The United States Circuit Courts of Appeal unanimously agree that defendants designated as career offenders *and* sentenced pursuant to the Career Offender Provision of the Sentencing Guidelines are not entitled to relief based on a retroactive amendment to the Crack Cocaine Guidelines. *See, e.g., United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008); *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009).

A defendant whose offense involved crack cocaine is eligible for a reduced sentence only where an amendment to the Crack Guidelines lowers the defendant's applicable

guideline range. *See Munn*, 595 F.3d at 187. Where a defendant's applicable guideline range was derived from the Career Offender Provision, rather than the Crack Guidelines, the defendant's sentence was not "based on" the Crack Guidelines within the meaning of Section 3582(c)(2). *See id*; *Caraballo*, 552 F.3d at 10. Alternatively, a defendant who is designated a career criminal, but whose ultimate sentence *is* actually based on the Crack Guidelines, is eligible to invoke an amendment to the Crack Guidelines as grounds for relief under Section 3582(c)(2). *See id.* at 188. In *Munn*, the Fourth Circuit held that the defendant, despite being designated a career criminal, was eligible to invoke an amendment to the Crack Guidelines because his sentencing court granted an Overrepresentation Departure from the career offender guideline range and relied on the Crack Guidelines in calculating the extent of the departure. *See Id.* at 192. However, the Fourth Circuit's decision in *Munn* represents a narrow exception to the general rule that career offenders may not invoke Crack Guideline amendments.

Accordingly, the Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

Dated: June 24, 2013

/s/
Richard D. Bennett
United States District Judge