IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | * | Criminal No. RDB-07-0426 |
| MARLO BROWN, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## **MEMORANDUM ORDER**

Defendant Marlo Brown ("Defendant" or "Brown") pled guilty before this Court to one count of Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a). *See* J., p. 1, ECF No. 22. At sentencing, this Court found that Brown was a "career offener" under Section 4B1.1 of the United States Sentencing Guidelines and ultimately sentenced him to 151 months imprisonment, pursuant to the Career Offender guidelines, followed by five years of supervised release. *Id.* at 1-3. Brown filed an untimely Notice of Appeal of this Court's Judgment to the United States Court of Appeals for the Fourth Circuit (ECF No. 24), which the Fourth Circuit subsequently dismissed as untimely via Order and Judgment dated March 17, 2009 (ECF Nos. 31 & 32). Following the dismissal of his appeal, Brown filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in this Court (ECF No. 39) arguing, *inter alia*, that he had asked his attorney to file a timely Notice of Appeal, but that his attorney failed to do so. Via Amended Order dated April 25, 2011 (ECF No. 53), this Court granted Brown a hearing as to his attorneys' failure to file a timely Notice of Appeal, but denied his motion as to all remaining arguments. This Court appointed counsel to represent him, *see* Order, ECF No. 54, and a hearing was held on

1

August 25, 2011.¹ Via Memorandum Order dated August 26, 2011 (ECF No. 64), this Court granted Brown's Motion to Vacate as to his attorney's failure to file a timely Notice of Appeal. Accordingly, this Court issued an Amended Judgment (ECF No. 65) and allowed Brown to file an appeal of that Judgment. The Fourth Circuit ultimately affirmed this Court's Judgment and denied Brown's petition for a rehearing *en banc*. *See* J., ECF No. 77; Order, ECF No. 79.

Subsequently, Brown filed a series of *pro se* Motions to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 750 to the United States Sentencing Guidelines, which lowered the offense levels applicable to crack cocaine offenses. This Court again appointed counsel to represent Brown and ultimately denied his motions via Memorandum Order dated June 24, 2013 (ECF No. 93), as he was sentenced pursuant to the Career Offender provisions of the Sentencing Guidelines and, therefore, was not entitled to relief based on a retroactive amendment to the Crack Cocaine guidelines.² He appealed this Court's Order to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit affirmed this Court via Judgment dated October 25, 2013 (ECF No. 97). Brown later filed yet another Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 782 to the United States Sentencing Guidelines, which

---

¹ Still pending before this Court is a *pro se* "Petition for writ of habeas corpus *ad testificandum*" filed by Brown approximately four months prior to the August 25, 2011 hearing (ECF No. 52), in which he requested that this Court "bring [him] before the Court for a hearing." As this Court did in fact grant Brown a hearing on his first Motion to Vacate, which was held on August 25, 2011, the still pending *pro se* Petition for writ of habeas corpus *ad testificandum* (ECF No. 52) is now MOOT.

² Still pending before this Court is Brown's *pro se* "Motion Under Rule 35(A)" (ECF No. 70), in which he requested a sentence reduction under the "statute regarding crack cocaine." For the same reasons outlined by this Court in its Memorandum Order of June 24, 2013 (ECF No. 93), Brown's *pro se* Motion Under Rule 35(A) (ECF No. 70) is DENIED. He is not entitled to a sentence reduction for any changes in the crack cocaine or drug guidelines, as he was sentenced pursuant to the Career Offender guidelines.

lowered the offense levels for drug offenses. *See* Mot., ECF No. 99. This Court likewise denied that Motion via Order dated August 25, 2015 (ECF No. 101). Finally, Brown filed a second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 106), in light of the United States Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)[3]. Counsel was again appointed to represent Brown as to that *Johnson* challenge, although Brown later voluntarily dismissed his motion.

Now, over nine years after this Court's initial entry of Judgment and after this Court's appointment of three separate attorneys to represent Brown on multiple motions for post-conviction relief, Brown has filed a letter (ECF No. 109) "requesting an attorney to file on [his] behalf pertaining to a *Mathis* challenge as the 7th Circ[uit] has made a ruling in this matter," which this Court construes as a Motion to Appoint Counsel. Petitioner has not filed any motion setting forth his argument for post-conviction relief under *"Mathis,"* nor is it clear exactly what Seventh Circuit authority he refers to.[4] This Court has reviewed Brown's submission, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Brown's Motion to Appoint Counsel (ECF No. 109) is DENIED.[5]

---

[3] In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), the United States Supreme Court held that the "Residual Clause" of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." The Supreme Court has since held in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017) that *Johnson* does not invalidate the residual clause of the Career Offender provisions of the sentencing guidelines.

[4] In *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) the United States Supreme Court held that in determining whether a prior offense qualifies as a predicate offense under the Armed Career Criminal Act, courts must follow the modified categorical approach, meaning that courts must look to the statutory elements of the offense rather than the means of commission.

[5] Also pending before this Court is Brown's Motion to Dismiss for Lack of Personal and Federal Subject Matter Jurisdiction (ECF No. 74), in which he baldly challenges the "U.S. Government's authority and the Court's jurisdiction." Although he cites a series of general legal principles, Brown offers no support for his allegations and has failed to establish any grounds for post-conviction relief. Accordingly, Brown's *pro se* Motion to Dismiss for Lack of Personal and Federal Subject Matter Jurisdiction (ECF No. 74) is DENIED.

## ANALYSIS

There is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus if that the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Cases provides that a court must appoint counsel "[i]f an evidentiary hearing is warranted." Brown has not articulated the grounds on which he wishes to attack his conviction and sentence, nor has he filed a Motion to Vacate. Nothing in the record suggests that he is unable to articulate such claims if they exist. Until a Motion is filed, this Court cannot determine whether a hearing will likely be held in this matter.

Brown is further cautioned that under the provisions of 28 U.S.C. § 2255, a one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Additionally, "[w]hile a federal inmate may file one § 2255 motion to 'vacate, set aside or correct [his] sentence' after his judgment of conviction has become final

4

. . . he must obtain authorization from 'a panel of the appropriate court of appeals' before presenting '[a] second or successive motion.' " *In re Vassell*, 751 F.3d 267, 268–69 (4th Cir. 2014) (quoting 28 U.S.C. § 2255).

## CONCLUSION

For these reasons, it is HEREBY ORDERED this 9th day of August, 2017, that:

1. Defendant Brown's *pro se* Motion to Appoint Counsel (ECF No. 109) is DENIED;

2. Defendant Brown's *pro se* Motion to Dismiss for Lack of Personal and Federal Subject Matter Jurisdiction (ECF No. 74) is DENIED;

3. Defendant Brown's *pro se* Motion Under Rule 35(A) (ECF No. 70) is DENIED;

4. Defendant Brown's *pro se* Petition for writ of habeas corpus *ad testificandum* (ECF No. 52) is MOOT;

5. The Clerk of this Court shall transmit copies of this Memorandum Order to Defendant Brown and counsel; and

6. The Clerk of this Court shall provide Defendant Brown a court-approved form for filing his Motion to Vacate, along with instructions for seeking pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a third Motion to Vacate.

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge